UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEREE RENE COE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>H. SCHAEFFER, ROGER BUTTERFIELD, CHRIS PIOMBO, CITY OF LODI, DOES 1–20,<br><br>　　　　　Defendants. | No.: 2:13-cv-00432-KJM-CKD<br><br>ORDER |

　　　　This matter is before the court on the motion to dismiss certain claims in the Second Amended Complaint by defendants Roger Butterfield and Chris Piombo ("defendants"); the motion is based on Federal Rule of Civil Procedure 12(b)(6). (Defs.' Mot. Dismiss, ECF 23.) Plaintiff opposes the motion. (Pl.'s Opp'n, ECF 24.) Defendants filed their reply on March 21, 2014. (ECF 25). The court decided the matter without a hearing. As explained below, the court DENIES defendants' motion.

I.　　ALLEGED FACTS AND PROCEDURAL BACKGROUND

　　　　Plaintiff Ms. Coe is a 57-year-old woman living in the City of Lodi. (Second Amended Complaint ("SAC") ¶ 11, ECF 19.) Defendant Officer Butterfield is a police officer

1

and "was [Officer Schaeffer's] immediate supervisor" at the time of the alleged incident. (*Id.* ¶ 4.) Officer Butterfield "is sued in his individual capacity only." (*Id.*) Defendant Officer Piombo was the officer who conducted "the investigation of [p]laintiff's citizen complaint against [Officer Schaeffer]." (*Id.* ¶ 5.) Officer Piombo is sued in his individual capacity as well. (*Id.*)

For the past several years, plaintiff has helped raise and care for her daughter's four children on a near daily basis. (*Id.* ¶ 12.) In February 2012, plaintiff's daughter "P" arranged for Officer Schaeffer to interview plaintiff's granddaughter "A" who told a counselor she had observed sexual impropriety. (*Id.* ¶¶ 13–14.) After some confusion about the appointment, plaintiff brought "A" to be interviewed at the Child Advocacy Center ("CAC") in French Camp. (*Id.* ¶¶ 15–17.) Plaintiff was not allowed in the room during "A"'s interview. (*Id.* ¶ 17.) After the interview, Schaeffer asked plaintiff to sit down in a conference room with Schaeffer and a Child Protective Services worker. (*Id.*) In the conference room, Schaeffer asked plaintiff "accusatory" questions about plaintiff's care of her grandchildren. (*Id.*) Plaintiff, whose questions about the details of the interview were rebuffed by Schaeffer, told Schaeffer she was "angry about the process and for not being able to sit in, observe, or otherwise hear the interview of 'A.'" (*Id.* ¶ 19.) Schaeffer stated that it was policy not to share such information, and plaintiff replied that the policy did not work. (*Id.* ¶ 20) Schaeffer then resumed asking plaintiff accusatory questions. (*Id.*)

Plaintiff stood up "incensed" and told Schaeffer she was being "obstinate" and "obtuse." (*Id.* ¶ 21.) Schaeffer stood up and yelled at plaintiff to leave the room, and plaintiff replied she was not finished with what she had to say. (*Id.*) Schaeffer then "grabbed [p]laintiff's arms and shoved [her] back and shoulder against the door and wall of the conference room, tightly gripped [her] arms, and threatened to have [her] arrested for not leaving when told." (*Id.*) Schaeffer opened the conference room door and shoved plaintiff out. (*Id.* ¶ 22.) Plaintiff objected to this treatment and suffered pain and bruises to her arms. (*Id.*) Plaintiff attempted to file a citizen's complaint against Schaeffer with the Lodi Police Department and "was given excuse after excuse" by the City and Police Department before eventually filing a complaint. (*Id.* ¶¶ 23–24.)

1        On or about June 29, 2012, defendant Officer Piombo of the Lodi Police
2   Department wrote plaintiff advising her that the complaint against Schaeffer was sustained in
3   part, exonerated in part, and unfounded in part and that Schaeffer had been re-assigned from the
4   case.  (*Id.* ¶ 25.)  Then, "[i]n retaliation for complaining about her unlawful, unconstitutional
5   treatment, and also to deter and prevent [p]laintiff from pursuing a civil action in court,"
6   Schaeffer and other unknown officers "caused a misdemeanor criminal complaint to be filed
7   against [p]laintiff."  (*Id.* ¶ 26.)  The complaint alleges plaintiff "obstructed and resisted a peace
8   officer and interfered with the customers of a public agency."  (*Id.*)
9        Plaintiff filed her original complaint on March 5, 2013 (ECF 1) and her First
10  Amended Complaint on May 31, 2013 (ECF 5).  After the court's January 1, 2014 order granting
11  in part and denying in part defendants' first motion to dismiss, plaintiff filed her Second
12  Amended Complaint on January 29, 2014.  (ECF 19.)  Plaintiff asserts five claims:  (1) excessive
13  force under 42 U.S.C. § 1983 in violation of the Fourth Amendment against Officer Schaeffer;
14  (2) failure to supervise under § 1983 against Officers Butterfield and Piombo; (3) failure to train
15  under § 1983 against Officers Butterfield and Piombo; (4) battery against Officer Schaeffer and
16  City of Lodi; and (5) interference with civil rights guaranteed by the Fourth Amendments and
17  Article I, Section 13 of the California Constitution under California Civil Code section 52.1
18  against Officer Schaeffer and City of Lodi.  (ECF 19.)
19        Defendants Butterfield and Piombo now move to dismiss plaintiff's second and
20  third claims.  (ECF 23-1.)
21  II.    LEGAL STANDARD
22        Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss a
23  complaint for "failure to state a claim upon which relief can be granted."  A court may dismiss
24  "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a
25  cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
26  Although a complaint need contain only "a short and plain statement of the claim showing that
27  the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), to survive a motion to dismiss this short
28  and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is

plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555).  Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.  Ultimately, the inquiry focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).  This rule does not apply to "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986), *quoted in Twombly*, 550 U.S. at 555, nor to "allegations that contradict matters properly subject to judicial notice," or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

III. <u>DISCUSSION</u>

Defendants Butterfield and Piombo seek to dismiss plaintiff's second and third claims.  (ECF 23-1 at 2.)  Because the relevant arguments and law are essentially the same for each claim, the court considers the two claims together.

Generally, a defendant may be held liable as a supervisor under § 1983 "'if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.'" *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (quoting *Hansen v. Black,* 885 F.2d 642, 646 (9th Cir. 1989)).  "To be held liable, the supervisor need not be directly and personally involved in the same way as are the individual officers who are on the scene inflicting constitutional injury . . . ." *Starr*, 652 F.3d at 1205.  Instead, "the supervisor's participation could include (1) his own culpable action or inaction in the training, supervision, or control of his

4

1  subordinates, (2) his acquiescence in the constitutional deprivations of which the complaint is

2  made, or (3) conduct that showed a reckless or callous indifference to the rights of others." *Id.* at

3  1205–06 (internal citations and quotation marks omitted).

4        A.      Second Claim:  Failure to Supervise under § 1983

5        Defendants make two principal arguments as to why plaintiff's failure to supervise

6  claim cannot proceed.  First, defendants argue plaintiff's complaint does not allege facts showing

7  Officers Butterfield and Piombo were responsible for supervising Officer Schaeffer.  (ECF 23-1

8  at 5.)  Second, even if Officers Butterfield and Piombo held supervisory roles, defendants argue,

9  plaintiff's complaint does not allege "any facts regarding their conduct, how it amounts to

10  deliberate indifference, or how it relates to [plaintiff's alleged] injury."  (*Id.*)

11        Plaintiff responds the allegations in the complaint are sufficient to raise reasonable

12  inferences that Officers Butterfield and Piombo were the persons responsible for supervising

13  Schaeffer.  (ECF 24 at 5.)  Further, plaintiff responds she has alleged sufficient facts to establish

14  defendants' direct supervisory liability.  (*Id.* at 8.)

15        Here, accepting all material factual allegations in plaintiff's Second Amended

16  Complaint as true, the court finds plaintiff has alleged sufficient facts to state a claim for which

17  relief may be granted.

18        There are no allegations that defendants personally participated in the alleged

19  offensive acts.  Rather, the essence of plaintiff's failure to supervise claim is summarized as

20  follows.  Plaintiff alleges defendants were responsible for supervising Schaeffer  (ECF 19 ¶ 32);

21  defendants encouraged Schaeffer to use force "against citizens who merely showed anger,

22  contempt or annoyance, but posed no physical threat . . . " (*id.* ¶ 33); defendants instructed

23  Schaeffer to misrepresent that the complaining citizen violated California Penal Code section 148

24  (*id.*); defendants knew or should have known of complaints against Schaeffer for similar conduct

25  as in this case "because other citizens had made verbal and written complaints against Schaeffer"

26  (*id.* ¶ 34); and defendants told Schaeffer that despite the complaints, only "a perfunctory

27  investigation would be performed," Schaeffer "would be exonerated," and she would not be

28  punished (*id.* ¶ 35).

5

These allegations in plaintiff's Second Amended Complaint cure the defect identified by the court in its previous order, that "[p]laintiff's single allegation of a 'history of misconduct' [was] insufficient . . . ." (ECF16 at 17.) Under federal pleading standards, the standard on a motion to dismiss is not whether "it strikes a savvy judge that actual proof of" the allegations is impossible or that a recovery is unlikely; rather, the standard is whether the allegations are sufficient to show plaintiff is entitled to relief. *Twombly*, 550 U.S. at 556-57 (discussing RULE 8(a)(2)). At this stage of litigation, with little or no discovery, plaintiff's allegations are sufficient to state a claim against both defendants for failure to supervise under § 1983.

The court DENIES defendants' motion to dismiss plaintiff's claim for failure to supervise under § 1983.

B. Third Claim: Failure to Train under § 1983

Defendants also argue plaintiff does not allege specific facts showing defendants' role in Schaeffer's training. (ECF 23-1 at 7.) Plaintiff responds the allegations are sufficient to show defendants owed a duty to plaintiff, defendants breached their duty, and their breach amounted to deliberate indifference. (ECF 24.) Although plaintiff's argument sounds in negligence, plaintiff has not brought a negligence claim.

Nevertheless, the court finds plaintiff's allegations are sufficient to state a claim for failure to train under § 1983 against defendants. Plaintiff alleges that defendants "were responsible for training [Schaeffer] in the proper use of force and proper investigation techniques" (ECF 19 ¶ 41); that there were citizen complaints against Schaeffer for "rude, combative, angry," and unprofessional demeanor (*id.* ¶ 43); and that despite their knowledge of the citizen complaints against Schaeffer, defendants did not train Schaeffer properly in resolving conflicts "so that verbal disagreements did not escalate into unnecessary physical altercations and . . . arrests without probable cause." (*id.* ¶¶ 43-44). These new allegations in plaintiff's Second Amended Complaint also cure the defects the court identified in its previous order, that there were "no facts as to how Officers Butterfield and Piombo trained Officer Schaeffer or whether they were even responsible for training Officer Schaeffer." (*See* ECF 19 at 18.) The new

allegations are sufficient to give "fair notice" to defendant of the claim plaintiff asserts against them and the "grounds upon which it rests." *Twombly*, 550 U.S. at 555.

The court DENIES defendants' motion to dismiss plaintiff's failure to train claim under § 1983.

IV.     CONCLUSION

For the foregoing reasons, defendants' Motion to Dismiss plaintiff's claims for failure to supervise and train under 42 U.S.C. § 1983 (ECF 23) is DENIED.  Defendants' answer is due within 21 days of this order.

IT IS SO ORDERED.

DATED: April 10, 2014.

_____
UNITED STATES DISTRICT JUDGE