UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEREE RENE COE, | No. 2:13-CV-00432-KJM-CKD |
| Plaintiff, | |
| v. | ORDER |
| Lodi Police Officer H. SCHAEFFER (Badge #32), et al., | |
| Defendants. | |

This matter is before the court on plaintiff Sheree Rene Coe's motion for leave to modify the scheduling order. After reviewing the parties' briefing, the matter was submitted without a hearing. As explained below, the motion is denied.

I.   BACKGROUND

Ms. Coe alleges claims against the City of Lodi and three Lodi Police Officers, Schaeffer, Butterfield, and Piombo. Second Am. Compl. ¶¶ 3–6. She alleges Officer Schaeffer verbally and physically assaulted her and, after she reported the assault, alleges other unnamed officers caused a misdemeanor criminal complaint to be filed against her in retaliation. *Id.* ¶¶ 11–26. She seeks relief under 42 U.S.C. § 1983 for use of excessive force and failures in supervision and training; for battery under California common law; and for interference with her civil rights under California Civil Code section 52.1. *Id.* ¶¶ 27–55. Her original complaint was

1

filed in March 2013 and amended in May 2013.  *See* Compl., ECF No 1; First Am. Compl., ECF No. 5.  After two rounds of motion practice on the pleadings, *see* Mots. Dismiss, ECF Nos. 7, 8, 23, the defendants answered the complaint in May 2014, ECF Nos. 28, 29.  The parties anticipate no amendments to the pleadings.  Joint Status Report 3:23–24, ECF No. 30.

The court held a status (pretrial scheduling) conference in June 2014, Minutes, ECF No. 31, and issued a scheduling order the same month, ECF No. 33.  The order required all discovery be completed by March 23, 2015, *id.* at 2, set a jury trial for November 9, 2015, *id.* at 8, and set several additional deadlines.  The order also reminded the parties,

> [P]ursuant to Rule 16(b) of the Federal Rules of Civil Procedure, the Status (Pretrial Scheduling) Order shall not be modified except by leave of court upon a showing of good cause.  Agreement by the parties pursuant to stipulation alone does not constitute good cause.  Except in extraordinary circumstances, unavailability of witnesses or counsel does not constitute good cause.

*Id.* at 9.

Ms. Coe was deposed on February 10, 2015, and Officer Schaeffer was deposed on February 26, 2015.  Olaso Decl. ¶¶ 7, 8, ECF No. 37-2.  Officers Piombo and Butterfield were scheduled to be deposed on March 2, 2015, *id.* ¶ 7, but Coe's counsel, Mr. Olaso, took their depositions off calendar because defense counsel, Mr. Berry, would be in a trial beginning that day, *id.* ¶ 7; Olaso Reply Decl. ¶ 11, ECF No. 42-1.  He did so relying on Mr. Berry's agreement to stipulate to a ninety-day extension of all pending dates and deadlines.  Olaso Decl. ¶ 7; Olaso Reply Decl. ¶¶ 10–12.  Other than Officer Schaeffer's deposition and a request for the production of documents served on March 10, 2015, Coe has conducted no discovery.  *See* Olaso Decl. ¶¶ 13; Berry Decl. ¶ 16.

On March 4, 2015, the parties filed a stipulated request to amend the scheduling order.  ECF No. 35.  The stipulation cited the attorneys' and witnesses' unavailability and requested all future dates be pushed back ninety days, including the discovery cut-off dates, the final date for the hearing of dispositive motions, the settlement conference, the final pretrial conference, and the trial.  *Id.* at 2–3.  The request was denied because it did not comply with Rule 16(b) of the Federal Rules of Civil Procedure, as noted in the scheduling order.  Minute Order,

1  ECF No. 36.  Thereafter Mr. Olaso asked Mr. Berry to join or agree not to oppose an *ex parte*
2  request to extend the deadlines by ninety days.  Olaso Decl. ¶ 9.  Mr. Berry declined and
3  informed Mr. Olaso he intended to oppose that request.  *Id.* ¶ 10.  Mr. Berry wrote he did not
4  wish to join a motion requiring a showing of good cause, Opp'n 3, ECF No. 41; Berry Decl. ¶ 12,
5  but noted, "Perhaps if you were willing to dismiss [Officers] Butterfield and Piombo we could
6  discuss my joining," Olaso Decl., Ex. A, ECF No. 37-2.
7         Coe then filed this motion.  Mot. Modify Sched. Order (Mot.), ECF No. 37.  She
8  seeks to extend the discovery cut-off date to May 19, 2015.  *Id.* at 2.  Her motion cites
9  Mr. Berry's initial stipulation to modify the scheduling order and Mr. Olaso's reliance on that
10  stipulation as good cause.  Mot. 2.  The officers have opposed the motion.  ECF No. 41.  They
11  argue it does not establish good cause, would unfairly cause additional expense, and would in
12  truth require postponing all future dates, not just the discovery cut-off.  *Id.* at 4–5.  The City of
13  Lodi did not oppose the motion or file a notice of non-opposition.  Coe replied.  ECF No. 42.
14  II.     DISCUSSION
15         A pretrial scheduling order may be modified if a party, despite its diligence, cannot
16  reasonably be expected to meet the order's deadlines.  *Johnson v. Mammoth Recreations*, Inc.,
17  975 F.2d 604, 609 (9th Cir. 1992).  When a party requests changes to the scheduling order, the
18  court's inquiry focuses on that party's honest attempt to comply; she must demonstrate her
19  "diligence," the common antonym for carelessness, questionable strategy, and delay.  *See, e.g.,*
20  *Calderon v. Target Corp.*, No. 12-1781, 2013 WL 4401430, at *7 (S.D. Cal. Aug. 15, 2013);
21  *Alibaba.com H.K. Ltd. v. P.S. Prods.*, 2012 U.S. Dist. LEXIS 36749, at *5-6 (N.D. Cal. Mar. 19,
22  2012); *Eckert Cold Storage, Inc. v. Behl*, 943 F. Supp. 1230, 1233 (E.D. Cal. 1996).  Prejudice to
23  another party may reinforce the court's decision to deny leave to amend, but Rule 16's standard
24  "primarily considers the diligence of the party seeking the amendment."  *Johnson*, 975 F.3d at
25  609. The court's decision is one of discretion.  *Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369
26  (9th Cir. 1985).
27         Here, Coe delayed depositions and requests for production until the month before
28  the discovery deadline.  Although she made efforts to schedule depositions starting approximately

two months before the deadline, waiting until that late date risked running up against the deadline empty-handed.  Her only explanations of good cause are the unavailability of counsel and witnesses and her counsel's reliance on Mr. Berry's original agreement.  Reliance on the one-time stipulation of opposing counsel after several months' delay does not show diligence.  Neither does the unavailability of counsel or witnesses, as the court's scheduling order warned.  Any ultimate prejudice to plaintiff can be addressed in the context of the separately pending summary judgment motion.

III.   CONCLUSION

   The motion is DENIED.

   IT IS SO ORDERED.

DATED: June 16, 2015.

_____
UNITED STATES DISTRICT JUDGE